OPINION OF THE COURT
Victor J. Alfieri, Jr., J.
Plaintiff commenced the within declaratory judgment action pursuant to CPLR 3001 seeking a declaration that a certain letter dated August 12, 2012 (hereinafter the letter) and signed by plaintiff is an unenforceable contract as a matter of law. Plaintiff now moves for summary judgment.
The relevant facts are as follows: plaintiff, a married man with one college-aged daughter, and defendant, a single woman, entered into a platonic relationship. The parties spent time together partaking in various activities, i.e., going out to dinner, walking in the park, taking pictures, etc. The nature of the relationship is disputed by the parties but it is clear that the parties were “involved” to a certain extent.[1] Defendant claims that plaintiff promised her that he was going to divorce his wife, leave his family, and marry her. Plaintiff denies ever making such a promise. However, plaintiff signed a letter, drafted by defendant, apologizing to defendant for hurting her and agreeing to pay a total of $500,000 to her over a period of time. In exchange, defendant would refrain from disclosing their relationship to anyone, including plaintiffs family. Defendant retained counsel to enforce the alleged contract. Defendant’s counsel sent a letter to plaintiff, dated March 9, 2011 (hereinafter the March letter), advising plaintiff that the letter is an enforceable contract and that if plaintiff fails to contact them, they *337 will commence a legal action against him.[2] (See Wu aff, exhibit 6.) In August 2012 and September 2012, plaintiff made two payments to defendant totaling $47,020. It is unclear, due to the letter being misdated, whether the payments preceded plaintiffs receipt of the letter or were made after receipt of the letter. In any event, rather than wait for defendant to commence an action to enforce the alleged contract, plaintiff commenced this action on March 21, 2013 for a judgment declaring the letter to be an unenforceable contract and void as a matter of law. Plaintiff contends that the letter is unenforceable on the grounds that: (1) there is a lack of consideration; (2) it is contrary to public policy; and (3) it is in violation of Civil Rights Law § 81. Plaintiff also claims that defendant’s counsel’s conduct was frivolous in sending the March letter threatening a lawsuit and seeks costs, attorney’s fees and sanctions.
Over 100 years ago, the Court of Appeals, in Platt v Elias, stated:
“That which one promises to give for an illegal or immoral consideration he cannot be compelled to give; and that which he has given on such a consideration he cannot recover. The law will not afford relief to either party, in pari causa turpitudinis; but leaves them just where they have placed themselves.” (186 NY 374, 382 [1906] [citation omitted].)
In other words, plaintiff would be unable to recover any monies he may have already paid to defendant and defendant would not succeed in any action she brought to enforce the alleged contract.
Generally, contracts tending to impair familial relationships are found to be against public policy.
“Society views marriage as vital to society’s well-being, and so contracts that hinder marriage are the subject of special scrutiny by the courts. The institution of marriage is so firmly established in the mores of Anglo-American society that courts hold agreements believed to be in derogation of marriage to be contrary to public policy and unenforceable.” (15-81 Grace McLane Giesel, Corbin on Contracts §81.1.)
Similarly, “[a] promise that tends unreasonably to encourage divorce or separation is unenforceable on grounds of public policy.” (Restatement [Second] of Contracts § 190 [2].) Although *338 the August 2012 letter is not an express agreement to marry or to encourage a divorce, it does involve the institution of marriage and the well-being of the familial relationship of plaintiff and his wife to the extent that this court finds is against public policy. As such, the court finds that the letter is not a valid, enforceable contract.
With respect to plaintiffs request for costs, attorney’s fees and sanctions, 22 NYCRR 130-1.1 provides: “The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct.” (22 NYCRR 130-1.1 [a].) Thus, the court must first determine whether the conduct of defendant’s attorney was frivolous.
“[C]onduct is frivolous if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or “(3) it asserts material factual statements that are false.” (22 NYCRR 130-1.1 [c].)
Here, this court finds that defendant’s attorney’s conduct was frivolous. First, the defendant’s attorney’s March letter which expressly stated that the August letter was an enforceable contract “is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law.” Moreover, as plaintiff argues, the August letter signed by plaintiff exudes an extortionary quality. Therefore, by threatening legal action to enforce the August letter, it appears that defendant’s attorney is “aiding and abetting” defendant.[3] It is the March letter that caused plaintiff to take action, i.e., commence the within lawsuit. Thus, plaintiff incurred expenses resulting from frivolous conduct.
The court’s analysis does not end there:
“In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct *339 took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.” (22 NYCRR 130-1.1 [c].)
Defendant’s attorney’s frivolous conduct also did not end there as defendant’s attorney filed an answer denying all of the allegations in plaintiff’s complaint. The only relief plaintiff seeks in this action is a judgment declaring that the August letter was not an enforceable contract and an injunction restraining defendant from having any further contact with plaintiff. Plaintiff is not seeking relief in the form of a money judgment or other damages. To add insult to injury, defendant’s attorney also filed opposition to the within motion. Interestingly, defendant’s attorney’s opposition to the motion sub judice only opposed the award of sanctions. He did not oppose, let alone even mention, the legal issues raised by plaintiff regarding the enforceability and validity of the alleged contract. As such, this court finds that plaintiff should be reimbursed for actual expenses reasonably incurred and reasonable attorney’s fees expended resulting from defendant’s attorney’s frivolous conduct. This court further finds that a sanction in the amount of $2,500 is appropriate.
Based on the foregoing, it is hereby ordered that plaintiffs motion for summary judgment is granted as to the first cause of action; and it is further ordered, adjudged and decreed that the alleged contract, i.e., the August 2012 letter, between plaintiff and defendant is void and unenforceable as a matter of law; and it is further ordered that the second cause of action for a permanent injunction is dismissed. This court is unaware of rule, statute or other law that gives this court the authority to grant an injunction of this nature.[4] It is further ordered that plaintiffs motion for an award of costs and attorney’s fees is granted in an amount to be determined by the court. Plaintiff shall, within 14 days of the date of receipt of this order, file with the court (via New York State Courts Electronic Filing and working copy) and serve on defendant’s counsel copies of the invoice statements so that the court can determine the reasonableness of *340 the rates charged and the services rendered. Defendant’s attorney shall file and serve in the same manner any arguments solely with respect to the reasonableness of the amounts. It is further ordered that plaintiffs motion for sanctions pursuant to 22 NYCRR 130-1.1 is granted and defendant’s attorney (David M. Lira, Esq., of counsel to Giuttari & Mertz Law Office, P.C., 45 West 34th Street, Suite 601, New York, NY 10001) shall pay the amount of $2,500 to the Lawyers’ Fund for Client Protection in accordance with 22 NYCRR 130-1.3.

. The court has reviewed the exhibits attached to the parties’ motion papers which include numerous emails between them establishing that the parties were involved in a relationship of sorts.

. The date on the letter is clearly incorrect.

. This court is using legal terms found in the Penal Law for convenience only. The court makes no findings as to whether a crime was committed and this decision should not be interpreted as such.

. It appears that the type of permanent injunction that plaintiff seeks, i.e., restraining defendant from contacting in any manner the plaintiff and his family, is akin to an order of protection which is issued pursuant to the provisions of the Criminal Procedure Law and Penal Law.